JAP:ICR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

— — — — — — — — — — — — — —X

UNITED STATES OF AMERICA

- against -

HSIEN LIN HSU,
    also known as, "Jason Hsu"

         Defendant.

— — — — — — — — — — — — — —X

**16M 579**

FILED UNDER SEAL

COMPLAINT AND
AFFIDAVIT IN
SUPPORT OF
APPLICATION FOR
ARREST WARRANT

(18 U.S.C. § 545)

EASTERN DISTRICT OF NEW YORK, SS:

       THOMAS LORING, being duly sworn, deposes and states that he is a Special

Agent with the United State Fish and Wildlife Service, duly appointed according to law and

acting as such.

       In or about and between May 3 and May 18, 2016, within the Eastern District of

New York and elsewhere, the defendant HSIEN LIN HSU, also known as, "Jason Hsu," did

fraudulently, knowingly and intentionally import and bring into the United States prohibited

wildlife, to wit: ten Indian Roofed Turtles and four Chinese Big-headed Turtles, which are

listed on Appendix I of the Convention on International Trade in Endangered Species of Wild

Fauna and Flora ("CITES"), and thirty-seven Yellow-margined Chinese Box Turtles, twelve

Black-breasted Leaf Turtles, which are listed on Appendix II of CITES, and all of which are

prohibited from importation without valid permit by the Endangered Species Act, Title 16,

United States Code Section 1538(c)(1), and by 50 C.F.R. Parts 14 and 23.

       (Title 18, United States Code, Section 545)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      I am a Special Agent with the United States Fish and Wildlife Service ("FWS") and have been employed as a Special Agent since July 2010.   I was previously employed with the FWS Division of Refuges as a Law Enforcement Refuge Officer for seven years.   I have received specialized training and possess experience in the enforcement of federal laws, including the Lacey Act and the Endangered Species Act.   I have participated in numerous federal investigations, either as a case agent/officer or in various support roles, including investigations involving the unlawful smuggling, killing, transport, possession, and sale of wildlife.   I have participated in the service of arrest and search warrants.

2.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.   This affidavit is intended to show merely that there is sufficient probable cause to arrest and does not set forth all of my knowledge about this matter.   Unless otherwise indicated, statements attributed to individuals in this affidavit are set forth in sum, substance and in part.

I.      FEDERAL LAWS RELATING TO TRAFFICKING IN WILDLIFE

3.      The FWS enforces several laws and regulations relating to trafficking in wildlife including the Endangered Species Act, 16 U.S.C Sections 1538 et seq.; the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), the Lacey Act Amendments of 1981, 16 U.S.C. Sections 3371 et seq.; and 18 U.S.C. Section 545.

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

4.     CITES is an international treaty that provides protection to fish, wildlife, and plants that may become imperiled due to the demands of international markets.   CITES has been signed by over 170 countries around the world. The United States has implemented CITES as part of the Endangered Species Act and the regulations promulgated thereunder. See 16 U.S.C. § 1538(c)(l) (providing that it shall be "unlawful for any person subject to the jurisdiction of the United States to engage in any trade in any specimens contrary to the provisions of [CITES], or to possess any specimens traded contrary to the provisions of [CITES] and the regulations promulgated thereunder"); 50 C.F.R. Parts 14 and 23 (regulations implementing CITES).

5.     Based on my training and experience I know that species protected under CITES are listed in a series of appendices (Appendices I, II and III).   Appendix I includes species threatened with extinction and provides the greatest level of protection.   International trade in Appendix I species for primarily commercial purposes is essentially prohibited. Appendix II includes species that, although not currently threatened with extinction, may become so without trade controls.   Under Appendix I of CITES, a species may be imported to the United States from a foreign country only if, prior to importation, the importer possesses a valid CITES export permit issued by the country of export and a valid CITES import permit issued by the United States. Under Appendix II of CITES, a species may be imported to the United States from a foreign country only if, prior to importation, the importer possesses a valid CITES export or re-export permit from the foreign country of origin.

6.     An animal species listed as protected under CITES cannot be imported into the United States without prior notification and approval from the FWS.   Under CITES,

signatory countries may limit the export of specific animal species for ecological or other reasons. Regulations promulgated by the FWS do not permit such limited species to be imported into the United States. In order for the FWS to approve importation of a CITES-protected animal species, the importer must submit to FWS accurate copies of packing lists and CITES permits issued by the exporting country regarding the shipment to be imported. Moreover imported animal species shipments valued over $2,000 are subject to certain tariff duties, and require Formal Customs Clearance under United States law. Under Formal Customs Clearance, United States Customs and Border Protection ("CBP") requires a customs bond be paid, essentially to function as an insurance policy to guarantee payment of the duties.

7.      Several federal laws criminalize the importation, export, or possession of wildlife trafficked in violation of federal laws and regulations, including CITES. Among them, Title 18, United States Code, Section 545 makes it a felony for a person to fraudulently or knowingly import or bring into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.

II.     BACKGROUND OF THE INVESTIGATION

8.      Based on my training and experience, I understand that certain species of turtles are susceptible to decline due to commercial over-exploitation, high nest mortality, delayed maturity, and/or the illegal exotic pet trade. Specifically, the Indian Roofed Turtle and the Chinese Big-headed Turtle are listed under Appendix I of CITES. The Black-breasted Leaf Turtle (Geoemyda spengleri), the South American River Turtle, and the Yellow-margined

Chinese Box Turtle (Cuora flavomarginata) are listed under Appendix II of CITES. The Reeves' turtle (Mauremys reevesii) is listed under Appendix III of CITES. In this affidavit I refer to these species of turtles collectively as the "Protected Turtles."

9. FWS is investigating an unlawful conspiracy to traffic in Protected Turtles and to launder the proceeds of and conduct financial transactions to promote the unlawful trafficking of Protected Turtles.

10. On or about May 4, 2016 and May 11, 2016, FWS intercepted five packages that arrived in the United States at John F. Kennedy International JFK Airport and were processed at the United States Postal Service ("USPS") International Mail Facility. The mailing labels on each package reflected that the parcels originated from Hong Kong and indicated that the contents of the package were "snacks." Each of the packages was addressed to "Mr. Hsu" at the defendant's residence in Oakland Gardens, New York.

11. FWS agents found a total of forty-two turtles concealed in the packages intercepted on or about May 4, 2016 and May 11, 2016. The turtles were concealed in the packages by various bags of noodles and small pieces of candy. A Senior Forensic Scientist at the FWS National Fish & Wildlife Forensics Laboratory who has received training in the identification of the Protected Turtle Species and a Curatorial Associate at the Department of Herpetology, American Museum of Natural History, New York, examined the turtles and identified them as, Yellow-margined Chinese Box Turtles, Black-breasted Leaf Turtles, Reeves' Turtles, Indian Roofed Turtles, South American River Turtles, and Chinese Big-headed Turtles.

12.    On or about May 4, 2016, and May 12, 2016, a Postal Inspector made controlled deliveries of the packages at the defendant's residence in Oakland Gardens, New York.   The defendant HSIEN LIN HSU, also known as, "Jason Hsu," accepted delivery of the five parcels.

13.    On May 18, 2016, agents of law enforcement executed a search warrant at the defendant's residence in Oakland Gardens, New York.   During the search agents seized 135 live turtles.   Experts in herpetology at the Wildlife Conservation Society/Bronx Zoo identified the species of each of the 135 live turtles that were seized from the defendant's residence.   In the table below, the "CITES" column refers to the relevant Appendix of CITES as described above; and the "ESA" column indicates a species' designation under the ESA (e.g., "E" for endangered).   The "WILD" and "CAPTIVE BORN" columns indicate whether experts at the Wildlife Conservation Society/Bronx Zoo believe the turtles were born in the wild or in captivity.

| Common and Scientific Name | Number | CITES | ESA | WILD | CAPTIVE BORN |
|---|---|---|---|---|---|
| Eastern Box Turtle *Terrapene carolina carolina* | 18 | II | | X | |
| Ornate Box Turtle *T. ornata ornata* | 2 | II | | X | |
| Florida Box Turtle *T. carolina bauri* | 2 | II | | X | |
| Gulf Coast Box Turtle *T. carolina major* | 1 | II | | X | |
| Coahuilan Box Turtle *T. coahuila* | 1 | I | E | X | |
| Yucatan Box Turtle *T. carolina yucatana* | 2 | II | E | X | |
| Yellow-margined Box Turtle *Cuora flavomarginata* | 6 | II | | X | |
| Yellow-margined Box Turtle *Cuora flavomarginata* | 30 | II | | | X |
| Yellow-margined Box Turtle *Cuora flavomarginata* | 1 | II | | X | |
| Blacked-breasted Leaf Turtle *Geoemyda spengleri* | 9 | II | | X | |
| Ryukyu Blacked-breasted Leaf Turtle *Geoemyda japonica* | 4 | II | | X | |
| Indian Roofed Turtle *Pangshura tecta* | 10 | I | | | X |
| Yellow-spotted Amazon River Turtle *Podocnemis unifilis* | 5 | II | E | X | |
| Common Snapping Turtle *Chelydra serpentina* | 1 | | | X | |
| Painted Wood Turtle *Rhinoclemmys pulcherrima* | 6 | | | X | |
| Scorpion Mud Turtle *Kinosternon scorpioides* | 1 | | | X | |
| Stinkpot Turtle *Sternotherus ordoratus* | 7 | | | X | |
| Loggerhead Musk Turtle *Sternotherus minor* | 11 | | | X | |
| Flower-backed Box Turtle *Cuora galbinifrons* | 4 | | | X | |
| Map Turtles and Sawbacks *Graptemys* species | 5 | II | | | X |
| Chinese Softshell Turtle albino *Palodiscus sinensis* | 1 | | | | X |
| Chinese Big-headed Turtle *Platysternon megacephalum* | 4 | I | | X | |
| Reeve's Turtle albino *Mauremys reevesii* | 2 | III | | | X |
| Cooter *Chrysemys* species (?) | 2 | | | | X |
| total turtle count | 135 | | | | |

14.     In addition, during the execution of the search warrant several shipping boxes addressed to "Mr. Hsu" were recovered from the defendant's residence.   Each of the boxes bore labels indicating that they had originated from Hong Kong and that they contained snacks.   The boxes also contained various pieces of small candy.   Agents of law enforcement also recovered several USPS mailing receipts reflecting the mailing of packages from the United States to Hong Kong that purportedly contained "snacks."

15.     During the execution of the search warrant at the defendant's residence, the defendant HSIEN LIN HSU, also known as, "Jason Hsu," agreed to speak to agents of law enforcement after having been advised that he was not under arrest, that he was free to leave and that he was free not to speak with law enforcement agents.   The defendant stated, in sum,

substance and in part, that he had agreed with individuals in Hong Kong to trade Protected Turtles, and that he knew that a permit under CITES was required to ship turtles internationally. The defendant further stated that he would conceal Protected Turtles in packages that he shipped to Hong Kong by packaging the turtles in socks and by placing various items, including small pieces of candy, around the turtles.   The defendant stated that he would label the packages as "snacks" and mail the packages though the United States mail.   The defendant stated that he would usually ship two Eastern Box Turtles per package.

      16.    The defendant further stated that the individuals in Hong Kong told him to use a fake name and return address on the package so he did not get caught.   Likewise, the defendant stated that he would receive packages through the United States mail from the individuals in Hong Kong that that concealed Protected Turtles by similarly packaging the Protected Turtles in socks and various items, including small pieces of candy.   The defendant further stated that the packages he received from individuals in Hong Kong were similarly labeled as containing "snacks."   The defendant admitted that he received various species of Protected Turtles from the individuals in Hong Kong, including Black-breasted Leaf Turtles, Yellow-headed Terrapins, Chinese Big-headed Turtles, Hypo Reeves' Turtles and other turtles.

9

WHEREFORE, your deponent respectfully requests that the defendant HSIEN

LIN HSU, also known as, "Jason Hsu," be dealt with according to law.

THOMAS LORING
Special Agent, United States Fish and Wildlife
Service

Sworn to before me this

R V. POHORELSKY
RATE JUDGE
EW YORK